IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND L. BURG, JR., | : | |
| Plaintiff | | |
| | : | Civil Action |
| v. | | |
| | : | No. |
| SHIPLEY ENTERPRISES, INC. | : | JURY TRIAL DEMANDED |
| and | | |
| EUGENE SHIPLEY | : | |
| and | | |
| TAMMARA L. SHIPLEY, | : | |
| Defendants | | |

## **COMPLAINT**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, this being an action under the Fair Labor Standards Act, and pursuant to 28 U.S.C. § 1367, this being an action that includes claims arising under Pennsylvania law.

2. Plaintiff is Raymond L. Burg, Jr., an individual who resides in Cheltenham, Pennsylvania.

3. Defendant Shipley Enterprises, Inc. is a Pennsylvania corporation doing business in Cheltenham, Pennsylvania.

4. Defendant Eugene Shipley is an individual who is, and at all times relevant hereto, was a shareholder, decision-maker and policy-maker of Defendant Shipley Enterprises, Inc. He resides in Cheltenham, Pennsylvania.

5. Defendant Tamarra Shipley is an individual who is, and at all times relevant hereto, was a shareholder, decision-maker and policy-maker of Defendant Shipley Enterprises, Inc. She resides in Cheltenham, Pennsylvania.

6. At all times relevant hereto, Defendants Shipley Enterprises, Inc., Eugene Shipley and Tamarra Shipley were "employers" within the meaning of 29 U.S.C. § 206(d).

7. At all times relevant hereto, Defendant Shipley Enterprises, Inc. was an "enterprise engaged in commerce" as defined in 29 U.S.C. § 203(s)(1).

8. At all times relevant hereto, Defendants Eugene Shipley and Tamarra Shipley were the active managers of Shipley Enterprises, Inc.

9. All actions by Defendants Eugene Shipley and Tamarra Shipley as alleged herein were taken within the course and scope of their employment with Defendant Shipley Enterprises, Inc..

10. In or about October, 2012, Plaintiff began his employment with Defendant Shipley Enterprises, Inc. At that time, he was designated as an "independent contractor."

11. The business of Defendant Shipley Enterprises, Inc. is providing rental equipment and decorations for events.

12. From and after October, 2012, Plaintiff worked as a warehouseman, driver, and installer for Defendant Shipley Enterprises, Inc. At all times, Defendant Eugene Shipley directed Plaintiff where to work, what hours to work, what tasks to perform and when and how to perform them. Plaintiff loaded, unloaded and drove vehicles belonging to Defendant Shipley Enterprises, Inc.. Defendant Shipley Enterprises, Inc. supervised Plaintiff's work.

13. From October, 2012 to July, 2015, Defendants designated Plaintiff as an independent contractor and paid him a straight hourly wage without payroll deductions.

14. In July, 2015, Plaintiff's status was designated as an employee of Defendant Shipley Enterprises. All aspects of his work continued without change as they had been from and after October, 2012.

15. Beginning in 2012, Plaintiff was paid at the rate of $15.00 per hour for general and set-up work and $25.00 per hour for electrical work for Defendant Shipley Enterprises, Inc.

16. By some point in 2014, Plaintiff was paid at the rate of $17.00 per hour for all work for Defendant Shipley Enterprises, Inc.

17. As of the start of April, 2016, the parties agreed that Plaintiff was to be paid at the rate of $17.50 per hour for all work for Defendant Shipley Enterprises, Inc. and he was paid at that rate for some weeks. For other pay periods from and after April, 2016, Defendants paid Plaintiff at his previous rate of $17.00 per hour.

18. On or about October 16, 2016, Defendants terminated Plaintiff's employment with Defendant Shipley Enterprises, Inc.

19. At all times from October, 2012 to October 16, 2016, Plaintiff was an employee of Defendant Shipley Enterprises, Inc.

20. Plaintiff regularly worked for Defendant Shipley Enterprises, Inc. in excess of 40 hours in a given week. Plaintiff is aware of 51 such weeks. Defendants' records will show additional such weeks.

21. Defendants never paid Plaintiff time and one-half for his overtime hours.

22. Defendants owe Plaintiff in excess of $4,909.06 for overtime pay. Plaintiff believes and therefore avers that discovery will reveal additional amounts owed to him for overtime pay.

## COUNT I
**Plaintiff v. All Defendants - Fair Labor Standards Act**

23. The allegations contained in Paragraphs 1 through 22 of this Complaint are incorporated herein and re-alleged as if fully set out.

24. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be paid overtime at the rate of (a) $22.50 for general and set-up work and $37.50 for electrical work for the period during which he was paid at the hourly rates of $15.00 and $25.00, (b) $25.50 for the period during which he was paid at the hourly rate of $17.00, and (c) $26.25 for the period during which he was paid at the hourly rate of $17.50.

25. Defendants never paid Plaintiff the required overtime wage.

26. The failure to pay Plaintiff the minimum wage was a violation of 29 U.S.C. § 207.

27. Defendants' failure to pay Plaintiff the minimum wage was willful.

28. As a result of the Defendants' failure to pay Plaintiff the overtime wages due him, Defendants owe Plaintiff in excess of $4,909.06.

29. Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays for judgment in his favor and against all Defendants in an amount in excess of $9,818.12 plus interest and an award of his attorney's fee and costs.

## COUNT II
**Plaintiff v. All Defendants - Pennsylvania Wage Payment & Collection Law**

30. The allegations contained in Paragraphs 1 through 29 of this Complaint are incorporated herein and re-alleged as if fully set out.

31. Defendants' failure to pay Plaintiff overtime as aforesaid violated the Pennsylvania Minimum Wage Act of 1968, Pa. Stat. Ann. tit. § 333.104(c)

32. At all times relevant hereto, all Defendants were "employers" within the meaning of the Pennsylvania Wage Payment and Collection Law, Pa. Stat. Ann. tit. 43, § 260.2a.

33. The failure of Defendants to pay Plaintiff the overtime rates he earned as aforesaid was in violation of the Pennsylvania Wage Payment and Collection Law, Pa. Stat. Ann. tit. 43, §§ 260.1 et seq.

34. As a result of the Defendants' failure to pay Plaintiff at time and a half for the overtime hours he worked, Defendants owe Plaintiff an amount in excess of $4,909.06.

35. Plaintiff is entitled to an amount in excess of $1,227.27 as liquidated damages pursuant to Pa. Stat. Ann. tit. 43, § 260.10.

WHEREFORE, Plaintiff prays for judgment in his favor and against all Defendants in the amount in excess of $6,136.33, plus interest and an award of his attorney's fee and costs.

## COUNT III
**Plaintiff v. Defendant Shipley Enterprises, Inc. - Breach of Contract**

36. The allegations contained in Paragraphs 1 through 35 of this Complaint are incorporated herein and re-alleged as if fully set out.

37. By its failure to pay Plaintiff the amounts he earned pursuant to his contract, Defendant Shipley Enterprises, Inc. breached its contract with Plaintiff.

38. As a result of its breach of its contract with Plaintiff, Defendant Shipley Enterprises, Inc. owes Plaintiff an amount in excess of $4,909.06, plus interest.

WHEREFORE, Plaintiff prays for judgment against Defendant Shipley Enterprises, Inc. in an amount in excess of $4,909.06 plus prejudgment interest and the costs of this case.

s/ Elliot B. Platt
ELLIOT B. PLATT
Attorney for Plaintiff
Pa. Attorney ID No. 13309
Suite 1930, Two Penn Center Plaza
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
215-564-5551
